The lessors of the plaintiff, in making out their title to the land in controversy, introduced a deed executed by George Graham, sheriff of Mecklenburg County, to James Harris, in October, (383) 1795, in which were contained the following words as part of the description of the land conveyed: "The various courses being fully ascertained by said Harris' plat of his deeded lands and the surplus land found to contain 268 acres." They then offered in evidence a survey made by Samuel Black (a deceased surveyor) in April, 1795, as the one referred to in the sheriff's deed. The reception of this plat was objected to by the defendant's counsel, but was admitted by the court, submitting its identity as a matter of fact to the jury. The plaintiff's lessors then proved that the plat covered the land in dispute, and further that they and those under whom they claimed had been in the peaceable and undisturbed possession of the land within the boundaries as set forth in the plat referred to, for upwards of fifty-five years, and that since 1795 the said James Harris and those claiming under him had used the land designated by the said plat as one tract, by actual cultivation on different parts, and by other acts of ownership, and that they had had a part of the lands within the disputed lines in actual cultivation for about thirteen years before the bringing of this action.
The defendant claimed under a grant to him of recent date for the land in dispute, and contended that the land covered by his grant was, at the time it issued, vacant, and subject to entry.
His Honor, after giving some instructions to the jury, which it is unnecessary to mention, charged them "that if they were satisfied that the plaintiffs and those under whom they claimed had been thirty-five years in possession, before the action was brought, of the land circumscribed by the plat, referred to in the sheriff's deed to James Harris, and that during that time the lines and boundaries of said land were known and visible, and the plaintiffs and those under whom they held claimed up to them, they were at liberty to presume a grant for the land to have issued up to those boundaries — although the actual possession or enclosure of the occupants might not have extended to the lines — the possession, in that case, of a part being the possession of the whole, and that, in that case, they would find for the plaintiffs." There was a verdict and judgment for the lessors of the plaintiff and the defendant appealed.
Maps and surveys are often referred to by deeds of conveyance, and then, whether mechanically annexed or not, they become incorporated parts of the descriptions contained in those deeds. Bridgman v. Jennings, 1 Lord Raym., 734; 1 Phil. Ev., 203; 1 Strange's Rep., 95; Burton on Real Property, 142. But, without this Court now stopping to decide the question whether the survey or map could legally be given in evidence by the plaintiffs as a part of the sheriff's deed to Harris, executed in the year 1795, as it, the map, was not registered with the sheriff's deed, still, we think, there is a point in the case which is clearly in favor of the lessors of the plaintiff. The judge charged the jury "that if they were satisfied that the lessors of the plaintiff, and those under whom they claimed, had been thirty-five years in possession, before the action brought, of the land circumscribed by the plat referred to in the sheriff's deed to James Harris, and that during that time the lines and boundaries of said land were known and visible, and the lessors of the plaintiff, and those under whom they held, claimed up to them, they were at liberty to presume a grant for the land to have issued up to those boundaries, although the actual possession or enclosure of the occupants might not have extended to the lines — the possession, in that case, of a part, being the possession of the whole, and in that case they would find for the plaintiffs." The correctness of the charge of the judge on this point is supported by the case of Fitzrandolph v. Norman, N.C. Term Rep., 131. In that case the judges who decided it gave elaborate opinions and went so thoroughly into the subject that we now deem it unnecessary to say or do more than refer to the reasons there advanced, as sufficient in our opinion, to show that the act of 1791 (1 Rev. St., ch. 65, sec. 2) making certain possessions of land valid against the State, does not affect the common law principle of presuming a grant from the State, from great length of possession. In our opinion the above charge of the judge was correct, and the judgment must be affirmed.
PER CURIAM. Judgment affirmed.
Cited: Wallace v. Maxwell, 29 N.C. 137. *Page 307 
(385)